IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-123-D

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) **ORDER**<br>) |
| JOSEPH ERIC PENDER, | )<br>) |
| Defendant. | ) |

On October 1, 2012, pursuant to a written plea agreement, Joseph Eric Pender ("Pender") pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack). See [D.E. 31, 32]. On March 30, 2013, the court held Pender's sentencing hearing. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") except as to matters in dispute in the addendum [D.E. 44]. See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Pender's total offense level to be 27, his criminal history category to be V, and his advisory guideline range to be 120 to 150 months' imprisonment. See [D.E. 55] 1. After granting the government's motion under 18 U.S.C. 3553(e) and U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Pender to 78 months' imprisonment and five years' supervised release [D.E. 54].

On April 16, 2015, Pender moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 61]. On August 6, 2015, Pender filed a memorandum in support [D.E. 63]. On August 17, 2015, the government responded [D.E. 67].

Pender's new advisory guideline range under Amendment 782 is 100 to 125 months' imprisonment, based on a total offense level of 25 and a criminal history category of V. See

Resentencing Report. Pender requests a 65-month sentence based on his post-sentencing conduct. See [D.E. 63].

The court has discretion to reduce Pender's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Pender's sentence, the court finds that Pender engaged in serious criminal behavior. See PSR ¶¶ 7–9. Moreover, Pender is a recidivist, with convictions for sale and delivery of cocaine, possession of a firearm by a felon, possession of cocaine, and possession of a Schedule II controlled substance. See id. ¶¶ 12, 15, 16, 18. Pender also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 11, 15, 17, 36–38. Finally, Pender has taken some positive steps while incarcerated on his federal sentence. See [D.E. 63] 5–8; Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Pender received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Pender's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Pender's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 2016

WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Pender's motion for reduction of sentence [D.E. 61].

SO ORDERED. This __6__ day of June 2017.

                                                JAMES C. DEVER III
                                                Chief United States District Judge